IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01413-BNB

DANIEL SCOT TROKE,

    Applicant,

v.

STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 27 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

I. Background

Applicant Daniel Scot Troke is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Troke initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his May 22, 2002, conviction in the Adams County District Court of Colorado in Case No. 01CR228. In an order entered on June 19, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 30, 2009, Respondents filed a Pre-Answer. Although Mr. Troke filed a Petition for Limited Remand on June 25, 2009, he did not file a Reply to Respondents' Pre-Answer Response.

In the Application, Mr. Troke asserts that he pled guilty to one count of sexual assault on a child/pattern of abuse, and that he was sentenced to ten years to life in the DOC. (Application at 2.) Mr. Troke also asserts that he did not file a direct appeal but he filed a Colo. R. Crim. P. 35(a) postconviction motion on February 22, 2008, that was denied by the district court on March 3, 2008, and was denied on appeal by the court of appeals on March 12, 2009. (Application at 4.) Mr. Troke further asserts that he did not appeal the Rule 35(a) motion to the state's highest court. (Application at 4.)

II. Analysis

The Court must construe liberally Mr. Troke's Application because he is not represented by an attorney. *See **Haines v. Kerner**,* 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See **Hall**,* 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Troke's Application is time-barred. They contend that Mr. Troke's conviction became final on July 5, 2002, forty-five days after he was sentenced on May 21, 2002, pursuant to Colo. App. R. 4(b). (Pre-Answer Resp. at 6.) Respondents further argue that on September 16, 2002, Mr. Troke filed a Colo. R. Crim. P. 35(b) postconviction motion and that the state district court denied the motion on September 17, 2002. Respondents also contend that because Mr. Troke did not file an appeal the time for purposes of § 2244(d) began to run forty-five days later, on November 1, 2002, pursuant to Colo. App. R. 4(b) and 26(a). (Pre-Answer Resp. at 6.)

Respondents also assert that Mr. Troke filed a Colo. R. Crim. P. 35(c) postconviction motion on July 21, 2003, that the state district court denied the motion on August 1, 2003, and that although Mr. Troke filed a notice of appeal, the court of

3

appeals dismissed the appeal as untimely. (Pre-Answer Resp. at 6-7.) Respondents further assert that Mr. Troke filed multiple motions to compel in the state district court, which in accordance with **May v. Workman**, 339 F.3d 1236, 1237 (10th Cir. 2003), did not toll the statute of limitations under § 2244(d), and that on February 29, 2008, Mr. Troke filed another Rule 35(c) postconviction motion, but the time for purposes of 28 U.S.C. § 2244(d) had already expired by October 20, 2003. (Pre-Answer Resp. at 7.) Respondents conclude that the instant Application is time-barred based on the above evidence.

The Court agrees with Respondents that the Application is barred pursuant to 28 U.S.C. § 2244(d) but for the following reasons.

In the absence of any reason to toll the limitations period, Mr. Troke should have initiated this action by July 1, 2003, one year after his conviction and sentence became final. Mr. Troke does not allege either in his Application or in his Petition for Limited Remand that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. He also does not assert that he did not know or could not have discovered the factual predicate for his claims at the time of his conviction and direct appeal or that there were any impediments to filing a 28 U.S.C. § 2254 application created by state action.

Mr. Troke was sentenced on May 16, 2002. Mr. Troke did not file a direct appeal. (Sealed Supplement, Doc. # 12.) His conviction and sentence became final on July 1, 2002. *See* Colo. App. R. 4(b) and 26(a). Mr. Troke filed a motion for sentence reconsideration on September 16, 2002, that was denied by the state district court on September 17, 2002. (Sealed Supplement.) Mr. Troke did not appeal the denial, but

he would have had until November 1, 2002, to do so. Colo. App. R. 4(b). Mr. Troke then filed a Rule 35(a) postconviction motion on July 21, 2003, that was denied by the state district court on August 1, 2003. (Sealed Supplement.) Again, Mr. Troke did not appeal but would have had until September 15, 2003, to do so. Colo. App. R. 4(b). Mr. Troke filed a series of motions to compel starting on September 16, 2003, through November 20, 2003. (Sealed Supplement.) The last request for a motion to compel was disposed of on December 10, 2003. (Sealed Supplement.)

Mr. Troke filed a notice of appeal on October 5, 2003, and the court of appeals denied the appeal, on January 7, 2005, as untimely. (Sealed Supplement.) The court of appeals found that Mr. Troke should have filed the notice of appeal from the August 1, 2003, order denying his Rule 35(a) postconviction on or before September 15, 2003. (Sealed Supplement.) Mr. Troke had forty-four days, or until February 20, 2005, to file a petition for writ of certiorari with the Colorado Supreme Court regarding the court of appeals denial of his appeal. *See* Colo. App. R. 40 and 52. On May 17, 2005, Mr. Troke filed a request for an extension of time to file a Rule 35(c) postconviction motion, and on July 27, 2005, he filed a second request for an extension of time to file a Rule 35(c) postconviction motion.

Mr. Troke's Rule 35(c) postconviction motion was denied on February 21, 2006, he appealed the denial, and the court of appeals dismissed the appeal on March 1, 2007. (Sealed Supplement.) Mr. Troke would have had forty-four days, or until April 14, 2007, to file petition for writ of certiorari with the Colorado Supreme Court regarding the denial of his Rule 35(c) postconviction motion. Colo. App. R. 40 and 52. Finally, on February 29, 2008, Mr. Troke filed a Rule 35(a) postconviction motion, which the state

5

district court construed as a Rule 35(b) postconviction motion, and denied the motion on March 3, 2008. (Sealed Supplement.) The court of appeals affirmed the denial and entered a mandate on May 27, 2009. (Sealed Supplement.) Mr. Troke signed and dated the instant action for filing in this Court on May 20, 2009.

Even if the Court were to consider all the time that Mr. Troke had a pleading pending in either the state district court or the state appellate court, including his motions to compel and his untimely notice of appeal, as tolled for the purposes of § 2241(d), he still is time-barred. From July 2, 2002, the day after Mr. Troke's conviction became final, until September 15, 2002, the day prior to when he filed a motion for reconsideration of sentence, seventy-six days is not tolled. From November 2, 2002, the day after the time ran for Mr. Troke to appeal the denial of his motion for reconsideration of sentence, until July 20, 2003, the day prior to when he filed a Rule 35(a) postconviction motion, 261 days, is not tolled. From February 21, 2005, the day after the time ran for Mr. Troke to appeal the court of appeals denial of his untimely appeal, until May 16, 2005, the day prior to when Mr. Troke filed his first motion for an extension of time to file a Rule 35(c) postconviction motion, eighty-five days, is not tolled. From April 15, 2007, the day after the time ran for Mr. Troke to petition for a writ of certiorari with the Colorado Supreme Court regarding the denial of his Rule 35(c) postconviction motion, until February 28, 2008, the day prior to when Mr. Troke filed a Rule 35(a) postconviction motion, 320 days, is not tolled. As a result, the Court finds that the time during which a postconviction motion or collateral proceeding was not pending in state court is 742 days. The action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Troke bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Troke fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. Therefore, the Application will be denied as time-barred under 28 U.S.C. § 2244(d).

B. State-Court Exhaustion

Because the action clearly is time-barred the Court will refrain from addressing whether Mr. Troke has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

7

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that Mr. Troke's Petition for Limited Remand (Doc. # 9) is denied as moot.

DATED at Denver, Colorado, this 27 day of Aug, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01413-BNB

Daniel Scot Troke
Prisoner No. 113345
Fremont Corr. Facility
P.O. Box 999 - Unit 7
Cañon City, CO 81215-0999

Christine C. Brady
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/27/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk